UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

FRANK STEVENS,

                                        Plaintiff,

            -against-

CITY OF NEW YORK, LUIS MARTINEZ, Individually,
RICHARD ORTIZ, Individually, JOSEPH CENTNER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually(the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants,

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 4523
(JG) (VVP)

<u>Jury Trial Demanded</u>

     Plaintiff FRANK STEVENS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

     1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

     2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.   Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff FRANK STEVENS is a fifty-one year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, LUIS MARTINEZ, RICHARD ORTIZ, JOSEPH CENTNER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On May 13, 2012, at approximately 1:30 a.m., plaintiff FRANK STEVENS was lawfully present on the sidewalk in the vicinity of the corner of Castleton Avenue and Pelton Avenue, Staten Island, New York.

13.     At the aforesaid time and place, defendant NYPD officer LUIS MARTINEZ, while operating an NYPD police vehicle, drove said vehicle onto the sidewalk, striking plaintiff with said vehicle, and causing serious injuries to plaintiff.

14.     Defendant officer MARTINEZ, along with defendant NYPD officers RICHARD ORTIZ and JOSEPH CENTNER, then exited the vehicle and proceeded to handcuff and assault plaintiff by, *inter alia,* striking him with their fists in his head and back.

15.     An ambulance arrived at the location and transported plaintiff to Richmond University Medical Center, where he received treatment for the injuries the defendant officers inflicted upon him.

16.     At Richmond University Medical Center, plaintiff was diagnosed with injuries including, but not limited to, a fractured left medial malleolus and a superficial skin tear on his left lateral malleolus.  Plaintiff also suffered associated pain, swelling, and impairment.

17.     The defendants officers thereafter unlawfully imprisoned plaintiff (or caused plaintiff to be imprisoned) until his arraignment, on May 14, 2012, in Richmond County

3

Criminal Court, on docket no. 2012RI004484 on fabricated charges of false personation; said charges having been filed based on the false statements provided to the Richmond County District Attorney's Office by defendant MARTINEZ. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid punishment or reprimand for their unlawful acts of brutality.

18.     As a result of the defendants' false statements, plaintiff was compelled to return to court on three occasions until October 15, 2012, when the purported charges filed against plaintiff were dismissed and sealed on the motion of the Staten Island District Attorney's Office based on a determination that the charges could not be proved beyond a reasonable doubt.

19.     Plaintiff required follow-up treatment for his ankle, including surgery to repair the fracture.

20.     Defendants MARTINEZ, ORTIZ, CENTNER, and JOHN and JANE DOE 1 through 10 directly participated in the illegal conduct described herein or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

21.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and pursuant to a custom or practice of falsification and covering up acts of brutality via the blue wall of silence.

22.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs

4

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of a vehicle to apprehend individuals; the use of force; and, improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence and/or otherwise engage in falsification.

23.   Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

24.   Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.   As a result of the foregoing, plaintiff FRANK STEVENS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

26.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

5

28.    All of the aforementioned acts deprived plaintiff FRANK STEVENS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

29.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.    As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants arrested plaintiff FRANK STEVENS without probable cause, causing

him to be detained against his will for an extended period of time and subjected to physical restraints.

35.     Defendants caused plaintiff FRANK STEVENS to be falsely arrested and unlawfully imprisoned.

36.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff FRANK STEVENS' constitutional rights.

39.     As a result of the aforementioned conduct of defendants, plaintiff FRANK STEVENS was subjected to excessive force and sustained physical injuries.

40.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

7

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff FRANK STEVENS.

43.     Defendants caused plaintiff FRANK STEVENS to be prosecuted without any probable cause until the charges were dismissed on or about October 15, 2012.

44.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants maliciously issued criminal process against plaintiff FRANK STEVENS by causing him to appear in Richmond County Criminal Court.

47.     Defendants caused plaintiff FRANK STEVENS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid punishment or reprimand for their unlawful conduct.

48.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A SIXTH CAUSE OF ACTION
(Right To Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The defendant officers are investigating officials who fabricated evidence that was likely to influence a jury's decision.  Said information was forwarded to prosecutors, and plaintiffs suffered a deprivation of liberty as a result.

51.     As a result of the foregoing, plaintiff was deprived of his right to a fair trial/to be free from fabrication of evidence, causing emotional and physical injuries.

52.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The defendants seized, assaulted, battered detained, arrested, prosecuted and imprisoned plaintiff FRANK STEVENS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

55.     As a result of the foregoing, plaintiff FRANK STEVENS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

9

56.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants had an affirmative duty to intervene on behalf of plaintiff FRANK STEVENS, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiff FRANK STEVENS was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was maliciously prosecuted, he was humiliated and subjected to handcuffing and other physical restraints and detained without probable cause.

61.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

10

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff FRANK STEVENS' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force; and, falsely arresting individuals and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.

68.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff FRANK STEVENS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and

11

supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff FRANK STEVENS.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff FRANK STEVENS as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff FRANK STEVENS as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff FRANK STEVENS was seized, subjected to excessive force, falsely arrested, maliciously prosecuted and imprisoned.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff FRANK STEVENS' constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff FRANK STEVENS of federally protected rights, including, but not limited to, the right:

       A.     Not to be deprived of liberty without due process of law;

      B.      To be free from the use of excessive force;

      C.      To be free from false arrest;

      D.      To be free from malicious prosecution;

      E.      To be free from malicious abuse of process;

      F.      To be free from deprivation of the right to fair trial; and

      G.      To receive equal protection under law.

75.    As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75"with the same force and effect as if fully set forth herein.

77.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendant who operated the motor vehicle which struck plaintiff.

83.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendant who operated the motor vehicle which struck plaintiff.

87.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employee and agent, who were on duty and acting in the scope of their employment and who operated the motor vehicle owned by the defendant CITY OF NEW YORK, which struck plaintiff.

90.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

96.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

99.     As a result of the foregoing, plaintiff FRANK STEVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff FRANK STEVENS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 21, 2014

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiff FRANK STEVENS
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                    By: _____
                                        BRETT H. KLEIN (BK4744)

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

FRANK STEVENS,

                                    Plaintiff,

              -against-

CITY OF NEW YORK, LUIS MARTINEZ, Individually,
RICHARD ORTIZ, Individually, JOSEPH CENTNER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually(the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------------X

13 CV 4523
(JG) (VVP)

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100